IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT MILLER, : CIVIL ACTION
:
v. : NO. 09-1935
:
MICHAEL J. ASTRUE, :
Commissioner of Social Security :

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                              December 14, 2009

        Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 9) and defendant's response thereto (Doc. No. 11), the court makes the following findings and conclusions:

        1.       On April 27, 2006, Robert Miller ("Miller") filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of April 17, 2005. (Tr. 82-86; 87-89). Throughout the administrative process, including an administrative hearing held on October 1, 2007 before an ALJ, Miller's claims were denied. (Tr. 16-25; 26-40; 50-51; 54-62). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Miller filed his complaint in this court on May 6, 2009. (Tr. 1-4; Doc. No. 1).

        2.       In his October 17, 2007 decision, the ALJ concluded, *inter alia*, that: (1) Miller had severe impairments consisting of lumbar spondylosis, bilateral knee disorders, and obesity; (2) his impairments did not meet or equal a listing; (3) he had the RFC to perform sedentary work with only occasional climbing, balancing, stooping, kneeling, crouching or crawling; (4) there were jobs that existed in significant numbers in the national economy that Miller could perform; and (5) he was not disabled. (Tr. 17 ¶ 5; 20 ¶ 1; 23 ¶ 5; 24 Findings 3, 4, 6, 11, 12, 13 ).[1]

        3.       The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v.

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

4. Miller briefly raises two arguments in which he alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

A. First, Miller contends that the ALJ failed to adequately explain why he discounted the Residual Functional Capacity ("RFC") evaluations from his treating physician, Dr. Edward Stankowicz, which limited Miller to, *inter alia*, sitting, standing and walking four hours or less a day based on back pain. See (Tr. 171-76). First, I note that treating physicians' opinions on decisions reserved exclusively to the Commissioner, such as the RFC determination and the disability determination, are not entitled to any special significance. 20 C.F.R. §§ 404.1527(e), 404.1546(c), 416.927(e), 416.946(c). Second, contrary to Miller's assertion, the ALJ did adequately explain why he gave limited weight to Dr. Stankowicz's RFC evaluations. Specifically, the ALJ explained that the RFC evaluations were unsupported by the evidence and inconsistent with, *inter alia*, Dr. Stankowicz's progress notes showing Miller was stable and doing well, and with Miller's very conservative treatment. (Tr. 21 ¶ 4 - 22 ¶ 1; 134-155; 201-287). The ALJ also discussed the lack of evidence of musculoskeletal disorders which would affect Miller's ability to stand, walk, or sit to the degree alleged and that the evidence showed he had an essentially normal gait. (Tr. 20 ¶ 6; 297). Finally, I note that Dr. Stankowicz overwhelmingly reported that his limited neurological exams of Miller were normal. (Tr. 134-155; 201-287). As a result, Miller's argument must fail.

B. Second, Miller claims that the ALJ failed to properly consider his obesity pursuant to S.S.R. 02-1p. This argument is meritless. Under S.S.R. 02-1p, the ALJ must consider how a claimant's obesity adversely affects his or her other impairments at each step of the sequential evaluation process. It is readily apparent in the ALJ's decision that he considered Miller's obesity throughout the analysis, including, *inter alia*, finding it severe, discussing the combined effects of obesity with other impairments, and finding that while Miller's obesity did cause limitations in his mobility, there was no evidence that his obesity would prevent him from working a sedentary job. (Tr. 17 ¶ 5; 18 ¶ 3; 20 ¶ 3; 21 ¶ 1). Therefore, Miller's contention to the contrary must fail.

5. After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that Miller was not disabled was legally sufficient and supported by substantial evidence. As a result, Miller's request for relief must be denied and the decision must be affirmed.

An appropriate Order follows.